461 A.2d 1259

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**William L. NETTING, Jr.**

Superior Court of Pennsylvania.

Argued April 21, 1981.

Filed May 13, 1983.

Reargument Denied July 25, 1983.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Robert A. McAteer, Philadelphia, submitted a brief on behalf of appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Montgomery County, Criminal Division, and involves a Commonwealth appeal from an order of the court below which granted defendant's motion for arrest of judgment after the defendant-appellee had been convicted of violating the Controlled Substance, Drug, Device and Cosmetic Act.

The defendant had filed a motion to suppress certain evidence obtained when police entered defendant's apartment in response to a complaint about a disturbance. A guest of defendant's had provided the police with access to the apartment by answering the door to defendant's apartment and admitting them to the apartment where the officers observed in plain view two spoons lying on the floor which were scorched with a white powdery substance.[1] The police dispatcher who had summoned the officers to the area had indicated that the disturbance was at the defendant's apartment, that a woman had been heard screaming, and that someone was smashing up an automobile outside the apartment. Thus, when the officers were admitted into

---

1. The guest had informed the officers that he was not the owner of the apartment. After entering the apartment the police were informed by defendant that he was the owner.

the apartment by defendant's guest they talked to the defendant and asked whether they could look for other occupants in the apartment.[2] The defendant granted permission to them to search for other occupants. In doing so they discovered various drugs and drug paraphernalia and placed the defendant under arrest.[3]

The court below refused to suppress the evidence obtained by the police in this manner. However, after defendant was convicted of the drug offenses after a nonjury trial the court granted defendant's motion for arrest of the judgment. The sole reason for the granting of defendant's motion by the court below was the court's finding that it had erred when it had denied defendant's suppression motion. The Commonwealth took the instant appeal.

The sole issue presented in this appeal is whether the evidence obtained by the police was done so unlawfully thereby precluding its admission against the defendant. The court below held that the evidence was illegally obtained by the police because the guest who answered their knocks on the door and subsequently admitted them into defendant's apartment did not have the right to do so and because the officers had no right to rely upon his consent.

■ A third party who has no interest nor control in a premises may not give the police valid consent to conduct a

---

**2.** Upon arriving at the scene the officers observed an automobile parked in the street in front of the building where defendant's apartment was located. The windshield of the car had been smashed. The officers heard no disturbance at that time but did observe that the lights were on in defendant's apartment and heard the sound of voices emanating from the apartment. It was between 3:00 A.M. and 3:30 A.M. at the time.

**3.** Subsequently they obtained a search warrant for the premises and conducted a detailed search thereof confiscating various controlled substances pursuant thereto. Since probable cause for the search warrant was based upon the officer's observations while in the apartment the search warrant's validity depends upon whether the officers had the right to be in the position they were when they made their observations. The place of entry when the guest admitted them was a common entry to the apartments and not the entry to the defendant's apartment. The guest led the police up the stairs to the second floor apartment.

warrantless search of the premises. *U.S. v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Commonwealth v. Garcia*, 478 Pa. 406, 387 A.2d 46 (1978). However, in the instant case the police were not attempting to secure permission for a search of the apartment when they knocked at the door. Rather, they were responding to a complaint called in by a downstairs neighbor of defendants about a "disturbance" in defendant's apartment. Upon arriving at the scene they observed a vehicle with a "smashed out" windshield in front of the apartment building, thereby confirming at least a part of the reason for their call. They also observed the lights on in defendant's apartment at 3:30 A.M. Although they heard no screams at that time the abovementioned facts gave the officers sufficient reason to believe that someone in defendant's apartment might very well be in danger of violence. This information justified their attempts to investigate the situation to determine if anyone was in danger. Thus, when they approached defendant's premises they were not attempting to conduct a search of the premises but were merely attempting to determine if everyone therein was all right. This does not mean that police may enter any building under the pretense of responding to a person who may be in danger. However, there is nothing to indicate that such was the case here. Thus, we see a distinction between the situation where the police receive permission from a third party to conduct a *warrantless search* of another person's premises and the situation where the police are provided limited access to a person's premises, by a guest of that person, into an area of the premises where a visitor would normally be received, where the owner is present at the time of the entry, and where the purpose of the police entry is to determine whether someone on the premises is in danger. See *LeFave, Search and Seizure, A Treatise on the Fourth Amendment, Vol. II, Sec. 8.5, p. 759.*

The distinction is even more apparent in our case where the owner, not only is present at the time the guest admits

the police into the apartment and makes no objection there-to, but then ratifies the actions of the guest by consenting to the search of the entire apartment. See, *U.S. v. Phifer,* 400 F.Supp. 719 (Ed. Pa.1975).

 The Fourth Amendment to the United States Constitution is designed to protect people against unreasonable searches and seizures and generally a search warrant must be obtained before a search of a person's residence may lawfully take place. *Commonwealth v. Flewellan,* 475 Pa. 442, 380 A.2d 1217 (1977). However, a person may waive his Fourth Amendment rights by giving the police consent to search his premises. In the instant case the police were lawfully present in defendant's premises, their purpose being to investigate an alleged disturbance there which they had every right to believe might be occurring. The evidence they discovered was obtained only after the defendant, himself, had consented to the search of the premises. Under these circumstances we hold that the evidence which was obtained was properly admitted at defendant's trial and the court below erred when it granted the defendant's motion in arrest of judgment.

Order reversed and case remanded for sentencing.